UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAFAEL AQUINO, III, ) | Case No. 1:25 CV 1332 |
| ) | |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| HUNTINGTON NATIONAL BANK, et al., ) | |
| ) | MEMORANDUM OPINION |
| Defendants ) | AND ORDER |

*Pro se* plaintiff Rafael Aquino III filed this civil rights action against Huntington National Bank; Ulrich, Sassano, Deighton, Delaney & Higgins Co., L.P.A.; Judge John J. Spellacy; Clerk of Court Nailah K. Byrd; Magistrate Gina Lunsford; Cuyahoga County Sheriff's Department; and Sheriff Harold Pretel. (Doc. No. 1). The allegations concern a foreclosure judgment entered against Plaintiff in the Cuyahoga County Court of Common Pleas.

Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

**I. BACKGROUND**

Plaintiff's complaint contains very few facts. It appears, however, that Plaintiff is challenging a foreclosure judgment entered against him in the Cuyahoga County Court of Common Pleas, Case No. CV-24-107908 (Cuy. Cty C.P. filed Nov. 26, 2024). Plaintiff states that he is a "living man, equitable subrogee, and holder of beneficial interest in trust" to property on Oak Park Avenue,

Cleveland, Ohio. (Doc. No. 1 at 2). He claims that he tendered a $30 deposit to the state court "to offset any debt," but he was advised by a clerk to send payment to the bank. (Doc. No. 1 at 3). Plaintiff states that he "tendered the special deposit of $1" to Huntington National Bank with instructions to "use the equity to set off any alleged debts," but the "bank defendants" ignored his instructions and proceeded with the foreclosure. (*Id.*). Plaintiff alleges in a conclusory fashion that "Defendants" received tendered value and failed to perform, they "acted in fraud and bad faith," and the "judicial officers and sheriffs acted beyond authority, ignoring standing tender and equitable jurisdiction." Plaintiff has attached as exhibits to the complaint various documents purportedly filed in the state court foreclosure action, including a "motion to vacate void judgment and stay sheriff's sale." (*See* Doc. No. 1-7). Plaintiff seeks monetary damages and asks this Court to vacate the state court's judgment.

Defendants Huntington National Bank and Ulrich, Sassano, Deighton, Delaney & Higgins Co., L.P.A. filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 6). The Court need not address this motion, however, because the Court finds, upon its own review, that Plaintiff's complaint warrants *sua sponte* dismissal.

## II. STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application. Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma*

*pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Furthermore, federal courts are courts of limited jurisdiction and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367). District courts are permitted to *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. LAW AND ANALYSIS

#### A. Pleading Requirements

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's Complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint fails to include virtually any factual allegations supporting a discernible claim based on recognized legal authority. Rather, the Complaint consists entirely of conclusory allegations against "Defendants" or "judicial officers and sheriffs." Plaintiff fails to connect any allegations to the named defendants or identify how each defendant harmed him. Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). Plaintiff's complaint is therefore nothing more than conclusory defendants-unlawfully-harmed-me allegations that are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### B. The Foreclosure

Even if this action were not subject to dismissal as noted above, to the extent Plaintiff is challenging the state court's foreclosure judgment and asking this Court to vacate the state court judgment and enter judgment in his favor, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States

District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury is the Cuyahoga County Court of Common Pleas's judgment in foreclosure, and Plaintiff asks the Court to declare the judgment void and grant judgment in his favor. Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to do so.

To the extent Plaintiff seeks to relitigate the foreclosure issues as determined in the state court foreclosure case, this claim is barred by *res judicata*. *Res judicata* precludes a party from

bringing a federal civil rights action to relitigate matters that already have been decided in a state court proceeding. *Allen v. McCurry*, 449 U.S. 90, 96-97, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Id.* at 94. Plaintiff's claims are barred by *res judicata* because the issues concerning the foreclosure on Plaintiff's property have been determined by the Cuyahoga County Court of Common Pleas, and there is no suggestion in Plaintiff's pleadings that he could not have raised any federal concerns he had in the context of the state proceedings. All of Plaintiffs' claims against all of the Defendants are therefore barred by *res judicata,* inasmuch as they appear to relate to the foreclosure action. *See, e.g., Clark v. Lender Processing Servs.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's state and federal claims challenging the propriety of a foreclosure where there was a prior, final decision on the merits in an underlying state foreclosure action).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. § 1915(e). Additionally, the Court DENIES Defendants' motion to dismiss (Doc. No. 6) as moot. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

August 27, 2025